## McBRAYER, TRAPWALL & Co.'s TRUSTEE *v.* JOHN HAGGIN.

### Liability of Bankers.

> When one officer of the bank has control of the bank's assets and is entrusted by his partners with authority to borrow money for the bank, and he enters in a depositor's pass book deposits of money, the bank account becomes liable to such depositor and he can not assert a claim personally against the officer of the bank.

### APPEAL FROM MERCER CIRCUIT COURT.

#### February 23, 1884.

OPINION BY JUDGE PRYOR:

It conclusively appears from the evidence in this case that Mc-Brayer, who doubtless used some of the money deposited by the appellee, was the chief manager of the Commercial Bank, first as cashier and then as president, that he had and controlled the finances as his own and borrowed money for the bank and received deposits. He swears that the Commercial Bank got the benefit of the money, but in what way does not appear. All the depositor could do was to go to the bank, deposit his money and have the amount entered in his pass book. He was not required to see that the proper entries were made on the books of the bank, and with the power of supervision and control confided to McBrayer by the stockholders, or permitted to be exercised by him, the bank's liabil-

ity could not well be doubted, and particularly when the president
of the bank swears that the bank obtained the benefit of the money.

There is no evidence whatever of any intention on the part of the
appellee to impose on either bank by colluding with its chief officer
in order to make the banks responsible to him for the money.    On
the contrary, it is plain that this hard earned money was in the
opinion of the appellee loaned to the bank, as it is not pretended
that he ever took the individual obligation of the president, Mc-
Brayer, for any of the money during the many years that the loan-
ing took place or the deposits were made.    He had no evidence of
the liability of any of the banks to him except the entries in the
pass book held by him, and those entries were always made in the
bank and by McBrayer except in one or two instances.    McBrayer,
Trapwall & Co. assumed the liability of the Commercial Bank to
all its depositors when the Commercial Bank turned over its assets
to them, and that this was a liability of the Commercial Bank is,
we think, well established.

It is insisted, however, that, no sufficient evidence appearing on
the books of the bank, the purchasers from the Commercial Bank,
McBrayer, Trapwall & Co., were not liable under the contract.    Mc-
Brayer was the president of the bank of McBrayer, Trapwall &
Co., and was permitted to exercise unlimited control over the funds
by both of his partners, Trapwall and Davis.    He was permitted
to exercise the same control that he would have had if the money
were his individual property.    Both Trapwall and Davis were
familiar with this control and familiar with the business of the
bank.    They both recognized the liability of their institution for the
appellee's money.    The writing in the pass book signed by Mc-
Brayer, president, evidencing the amount of money appellee had
in the bank, was signed or executed with the consent and knowledge
of Davis, and it is not to be presumed that they both or either of
them would practice a base fraud by which either Trapwall or
the appellee would be greatly injured.    Davis and McBrayer at-
tempted after this entry in the pass book was made to pay the
appellee by selling him land that belonged to the bank, and it is
manifest from the proof that this debt was recognized as a debt due
by McBrayer, Trapwall & Co.    Trapwall quieted the uneasiness of
the appellee by telling him it would be all right and the two, Davis
and Trapwall, having trusted to the fidelity and integrity of their

partner, under the circumstances ought to bear the loss. It is certain that the appellee was not relying on the personal liability of McBrayer or trusting him except in his official capacity, and in our opinion the judgment below was proper. There was only six per cent. allowed on the claim as against the bank, and in our opinion the claim is not tainted with usury except in the manner pointed out by appellee.

Judgment *affirmed*.

P. B. Thompson, Jr., P. B. Thompson, Sr., O. S. Poston, for appellants.

C. A. & P. W. Hardin, for appellee.